IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Timothy Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:21-cv-1229-TMC |
| | ) | |
| vs. | ) | |
| | ) | |
| Justin Polk, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff Timothy Brown, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 2, 9, 11). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. On May 5, 2021, the magistrate judge entered an order finding that Plaintiff's case was subject to summary dismissal for the reasons set forth in the order. (ECF No. 8). Accordingly, the magistrate judge granted Plaintiff twenty-one (21) days in which to file an amended complaint curing the deficiencies identified in the magistrate judge's order and to bring the case into proper form. *Id*. at 1–2. The order further directed Plaintiff to keep the Clerk of Court advised, in writing, as to any changes to Plaintiff's address, and warned that failure to do so may result in the dismissal of his case. *Id*. at 2–3. In accordance with the magistrate judge's order, Plaintiff filed an amended complaint on May 26, 2021. (ECF No. 11).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss this action with prejudice and without issuance and service of process for the same reasons identified in the May 5, 2021 order. (ECF No. 15). The Report was mailed to Plaintiff at the address he provided the court, (ECF No. 16), and has not

1

been returned as undeliverable. Therefore, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 15-1), but failed to do so. The time for Plaintiff to object to the Report has now expired, and this matter is ripe for review.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's

waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Thus, having reviewed the Report and finding no clear error, the court agrees with, and wholly adopts, the magistrate judge's findings and recommendations in the Report (ECF No. 15), which is incorporated herein by reference. Therefore, this case is **DISMISSED with prejudice**[1] and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
July 21, 2021

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] The magistrate judge's order, entered on May 5, 2021, informed Plaintiff that his Complaint was subject to summary dismissal because Plaintiff "do[es] not have a constitutionally recognized liberty interest in a particular security classification or prison placement[,]" and, therefore, the Complaint fails to state a claim for which relief may be granted. (ECF No. 8 at 1–2 (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976))). The order also warned Plaintiff that failure to file an amended complaint curing these deficiencies may result in dismissal with prejudice. *Id*. at 2. Nevertheless, Plaintiff's Amended Complaint (ECF No. 11) failed to cure the deficiencies identified in the magistrate judge's order.